IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MAGNESIUM CORPORATION OF AMERICA, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER RE: MOTION FOR CLARIFICATION<br><br><br>Case No: 2:01-CV-40 DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge David Nuffer |

Because this order relates to the court's June 14, 2006 Order,[1] this order does not repeat background information contained in that prior order. Plaintiff United States filed a motion[2] seeking clarification of the June 14 Order which denied in part and granted in part the United States' motion to compel[3] in which the United States sought financial records and tax returns of the Defendants The Renco Group, Inc. ("Renco"), Ira Leon Rennert, and the Ira Leon Rennert Revocable Trust (collectively the "non-USM defendants"). In that order, the court directed that

> discovery and trial will be conducted in three phases: (1) the liability of MagCorp/USM and the financial condition of the USM defendants, (2) the liability of the non-USM defendants, and (3) all remaining discovery regarding the

---

[1] Docket No. 264, filed June 14, 2006.

[2] United States of America's Motion for Clarification, and Other Relief ("Motion"), Docket No. 271, filed June 30, 2006.

[3] United States of America's Motion to Compel Responses by Renco Defendants to the United States' Discovery Requests to Defendants in Phase I of the Consolidated Case ("Motion to Compel"), docket no. 242, filed April 4, 2006.

penalty, if any, to be imposed, including the currently suspended discovery regarding Renco's financial records and tax returns.[4]

In its present motion, the United States seeks the following modifications of the court's June 14 Order: (1) "that discovery and trial on injunctive relief may be had in Phase I;" (2) "that the financial condition of the USM defendants may be the subject of discovery and trial in Phases II and III, as well as Phase I;" (3) "that Renco's financial records and tax returns may be the subject of Phase II, as well as Phase III;" (4) that the non-USM defendants be required to maintain documents relevant to this case throughout the course of the litigation; and (5) that the non-USM defendants be required to respond to the United States' discovery requests in the manner set forth in the June 14 Order by August 1, 2006.[5] For the reasons discussed below, the United States' motion is granted in part, and denied in part.

## DISCUSSION

### A. Injunctive Relief

None of the defendants opposes modification of the order to allow discovery and trial on injunctive relief in Phase I. Therefore, the phasing in the June 14 Order will be modified accordingly.

---

[4] June 14 Order at 13.

[5] Memorandum in Support of United States' Motion for Clarification and for Other Relief ("US Mem.") at 1, docket no. 272, filed June 30, 2006.

### B.  Financial Condition of the USM Defendants

None of the defendants opposes modification of the order to allow discovery and trial on USM's financial condition in Phases II and III, as well as Phase I.  Therefore, the phasing in the June 14 Order will be so modified.

### C.  USM's Request for a Clarifying Sentence Re:  Relevancy of Its Financial Condition in Determining Injunctive Relief

In the portion of its memorandum requesting that the issue of injunctive relief should be tried in Phase I of the litigation, the United States asserted that "the resources of the Renco Defendants, *or for that matter, USM*, should be largely irrelevant on the question of whether illegal actions must cease."[6]  The United States also stated in a footnote:

> Courts have found that they lack jurisdiction to consider issues of feasibility, general practicality, political considerations or cost factors in ordering compliance with the Clean Air Act.  Thus, while the fact of USM's (or its parents') limited resources could cause a court to fashion the scope of the injunctive relief it may impose . . . , limited resources are not relevant to the question of whether violations must cease.[7]

USM construes these two statements by the United States to mean that the United States is taking the position that USM's financial condition may not be considered by the court in deciding whether injunctive relief is appropriate.  USM requests that the court make clear in any clarifying order that USM's financial condition is directly relevant to, and may be considered, in the court's determination of whether, and in what form, to grant injunctive relief.  To that end, USM requests that the court include the following sentence in any clarifying order:  "Defendant

---

[6]US Mem. at 2 (emphasis added).

[7]US Mem. at 2, footnote 3 (citations omitted).

US Magnesium's financial condition and ability to pay are relevant to the issue of injunctive relief, and therefore may be considered by this Court during Phase I in regards to whether, or in what form, to grant such relief."[8]

The United States opposes the inclusion of this sentence because, among other reasons, "it fails to accurately describe the totality of factors courts consider when determining whether to issue injunctions."[9] The United States contends that the addition of the proposed sentence would improperly highlight a particular piece of evidence, while at the same time suggesting that such evidence is, by itself dispositive, and trumps other traditional factors that the court should consider.[10]

After considering the parties' arguments, the court declines to order the inclusion of USM's proposed sentence in its modified order. The district judge will determine the factors to be considered, and the weight to be given them, at the appropriate time when the issues are fully briefed.

**D.  Renco's Financial Records and Tax Returns**

The United States requests that the court modify its order to allow discovery regarding Renco's financial records and tax returns during Phase II, as well as Phase III, of this litigation. In support of this request, the United States contends that "the parents' financial information is

---

[8]Defendant US Magnesium LLC's Memorandum in Opposition to United States' Motion for Clarification, and Other Relief ("USM Mem.") at 5-6, docket no. 283, filed July 12, 2006.

[9]United States of America's Reply in Support of Motion for Clarification and Other Relief ("Reply") at 7-8, docket no. 284, filed July 14, 2006. Reply at 7 (citing *United States v. Power Engineering*, 10 F. Supp. 2d 1145, 1149 (D. Colo. 1998), *aff'd*, 191 F.3d 1224 (10th Cir. 1999)).

[10]Reply at 7-8.

also highly relevant to their own potential liability under veil-piercing theories, which is the subject of Phase II of the litigation."[11]  As an example, the United States asserts that an important factor to be considered in determining whether to pierce the corporate veil is the siphoning of corporate assets by the dominant shareholder.[12]  In addition, the parent's financial information might reveal the extent to which the parent is paying insurance premiums, or conducting transactions with lenders on the subsidiary's behalf, all of which could be evidence of the degree of the parent's domination of the activities of the subsidiary.[13]

    Not surprisingly, the non-USM defendants oppose the United States' request that it be permitted to take discovery of Renco's financial information in Phase II of the case.  They contend that "the request is premature and, if granted, also might be construed to permit the United States to seek financial information that is irrelevant to the United States' veil-piercing claims or otherwise not the proper subject of discovery."[14]  The non-USM defendants point out that if the United States fails to establish the liability of USM and MagCorp in Phase I, the issue of discovery with regard to Renco in Phase II will be moot.[15]  In addition, they assert that "even if Phase II of the case is reached, the United States already has obtained or can obtain from USM most or all of the financial information that would be relevant to any veil-piercing claim against

---

[11]US Mem. at 4.

[12]*Id*.

[13]*Id*. at 4-5.

[14]Memorandum of Law of Defendants Renco, The Rennert Trust and Ira Rennert in Response to United States' Motion for Clarification and Other Relief ("Non-USM Mem.") at 2, docket no. 282, filed July 12, 2006.

[15]*Id*. at 3-4.

Renco."[16] Further, the non-USM defendants state that if this case reaches Phase II, they will not oppose discovery of Renco's financial information on the ground that such discovery is precluded by the court's order. They state their position as follows:

> If and when Phase II is reached, to the extent the United States believes it needs certain items of financial information concerning Renco that it has not already received from USM, it can seek such items at that time. Renco will not object to such requests on the ground that they are precluded by the Court's Order. However, Renco reserves its right to object to such requests on all other grounds, including relevance.[17]

The non-USM defendants also assert that the United States' discussion of veil-piercing law "is replete with errors."[18] They state that based upon this inaccurate discussion, they are "concerned that the United States will treat the granting of its request as a license to seek financial information of Renco that is *not* relevant to its veil-piercing claim."[19] In conclusion, the non-USM defendants state:

> In sum, the United States' request to modify the Court's Order to permit discovery regarding Renco's financial records and tax returns during Phase II should be denied as premature, without prejudice to the United States' right to seek *relevant and necessary* financial information from Renco should the case proceed to Phase II."[20]

In response, the United States contends that its request should not denied as premature, and that it is appropriate to resolve the matter now. The United States acknowledges the non-

---

[16] *Id.* at 4.

[17] *Id.*

[18] *Id.* at 3.

[19] *Id.* at 4.

[20] *Id.* at 5.

USM defendants' representation that they will not object to Phase II discovery requests regarding Renco's financial information on the grounds that it is precluded by the court's order. The United States nevertheless objects to what it views as the non-USM defendants' proposed limitation on its right to seek financial information to that which is "relevant and necessary."[21]

The United States asserts that "Rule 26(b), of the Federal Rules of Civil Procedure, does not specify that the United States must demonstrate that discovery from Renco Defendants is 'necessary,' *i.e.*, that it must first prove that USM hasn't provided adequate information, in order to obtain information from USM's parents."[22] With regard to "relevancy," the United States disputes the non-USM defendants' claim that its veil-piercing discussion was inaccurate, "and that therefore, the United States will view this Court's allowance for it to take discovery into their financial information in Phase II as a license to seek information that is irrelevant to veil,-piercing."[23]

The court concludes that there is no need at this time to modify its June 14 Order with respect to the question whether the United States may seek Renco's financial records in Phase II of the litigation, especially in light of the fact that the non-USM defendants will not object to Phase II discovery requests for certain financial information on the ground that the requests are precluded by the court's prior order. It will be more efficient to determine the propriety of specific requests if objections arise, rather than projecting a theoretical standard now.

---

[21] Reply at 3-4.

[22] *Id.* at 4.

[23] *Id.*

Accordingly, the United States' request that the June 14 Order be modified to reflect that the United States may take discovery of Renco's financial records in Phase II is denied.

**E.  Document Preservation**

The United States seeks an order requiring the non-USM defendants "to maintain documents in their possession that are relevant to this case throughout all phases of the litigation."[24]  In making this request, the United States indicates that it has no reason to believe that the non-USM defendants are destroying documents.  It points out, however, that Phase III of the litigation could occur as late as 2009.  Since the United States does not know whether the non-USM defendants have a policy that limits the time that documents are retained, it wants to ensure that relevant documents are not inadvertently destroyed as part of the non-USM defendants' document-retention policy.[25]

The non-USM defendants respond that they have no objection to this request so long as the order is mutual and conforms with the requirements of Rule 26(b)(1) of the Federal Rules of Civil Procedure.  The non-USM defendants also note that the United States failed to comply with the "informal conference" requirement of  DUCivR 37-1(a) before filing its motion.[26]

The non-USM defendants state that "[w]here no showing has been made of a significant threat that documents will be lost or destroyed absent an immediate order, a document

---

[24] US Mem. at 5.

[25] *Id.* at 5-6.

[26] Non-USM Mem. at 6.

preservation order generally is not appropriate."[27]  They contend that the United States has failed to make that showing.  They nevertheless do not object to the entry of a document preservation order so long as it applies to the United States as well as to them.[28]  In addition, they state that the scope of the United States' proposed order, i.e., preservation of all documents "that are relevant to this case" is too broad and subjective.[29]  They state that any preservation order should reflect the standard set forth in Rule 26(b)(1) to encompass only documents "relevant to the claim or defense of any party."[30]  They suggest that the court should direct the United States and the non-USM defendants to negotiate and to submit a proposed document preservation order for the court's approval.[31]

The United States responds that the non-USM defendants have not made any discovery requests to the United States, so there is no mutuality to negotiate.  It states, however, that even absent discovery requests by the non-USM defendants, the United States is preserving documents that may be discoverable in this case.  Further, it has no objection to the use of the phrase "relevant to the claims and defenses of any party" in the proposed order.[32]

---

[27]*Id.* (citing *United States ex rel Smith v. Boeing Co.*, No. Civ.A. 05-1073-WEB, 2005 WL 2105972, at *2 (D. Kan. Aug. 31, 2005); *Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 435 (W.D. Pa. 2004).

[28]Non-USM Mem. at 6.

[29]*Id.* at 6-7.

[30]*Id.* at 7.

[31]*Id.*

[32]Reply at 2.

Since the non-USM defendants do not object to the entry of a document preservation order, the court will grant the United States' request. However, in fairness, the order should be mutual as requested by the non-USM defendants. Accordingly, the court will enter an order requiring both the United States and the non-USM defendants to preserve all documents in their possession relevant to the claims or defenses of any party until this litigation is completed.

### F. Deadline for the Non-USM Defendants' Discovery Responses

In its motion, the United States requests that the non-USM defendants be required to "make the productions and/or provide the privilege logs, as set forth in the Order, by no later than August 1, 2006."[33] The non-USM defendants do not oppose this request although they point out that the United States again failed to comply with DUCivR 37-1(a).[34] Since August 1, 2006 has already passed, and the non-USM defendants did not object to the deadline, the court assumes that the non-USM defendants have already made the required production. Accordingly, the court declines to enter an order granting this request.

---

[33] Motion at 2.

[34] Non-USM Mem. at 3.

## ORDER

The phasing contained in the Order previously entered by this court on June 14, 2006 is modified as follows:

1. Discovery and trial on injunctive relief shall occur in Phase I of the litigation.

2. The financial condition of USM may be the subject of discovery and trial throughout all three phases.

3. The United States and the non-USM defendants are ordered to preserve all documents containing information relevant to the claims or defenses of any party until the conclusion of this litigation.

All other aspects of the court's June 14, 2006 order shall remain in effect.

August 11, 2006.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge